THOMASON   *v.*   BOARD   OF   SUPERVISORS   OF   LAWRENCE
COUNTY.

[76 South. 267, Division A.]

1. HIGHWAYS. *Road tax. Liability for commutation.*

Under Code 1906, section 4442, declaring that if a public road be worked and kept up by contract the road hands designated by the board shall work under the contractor or pay commutation money to him; where the board of supervisors contracts for the working of roads, and designate and assign the road hands as required by this section and furnish to the contractor a correct and proper list of such road hands which is accepted by him, the work or commutation tax due by such hands "shall be estimated as a part of the whole of the contractor's renumeration according to the contract "and the contractor is chargeable with the work or commutation tax due by each road hand on the list, provided the board of supervisors had not by its own acts or conduct prevented the contractor from obtaining the work or collecting the commutation tax due from the hands; and provided, further, that the contractor could secure the work or collect the tax by reasonable effort and due diligence on his part, but where the contractor has performed his duty in good

faith in the collection of the road duty or commutation tax, and has failed to make all of the collections on the list, then he would be entitled to credit for all the work or commutation tax that he failed to collect for any cause over which he had no control.

2. SAME.

The fact that the contractor accepts the list of hands and undertakes to collect the tax according to the list does not bind him for the full amount charged to him on the list unless he collects the same, or unless it appears that his failure to do so was his own fault or negligence.

APPEAL from the chancery court of Lawrence county. HON. R. E. SHEEHY, Chancellor.

Suit by M. H. Thomason, against the Board of Supervisors of Lawrence county. From a decree for defendant, plaintiff appeals.

In 1907 the board of supervisors of Lawrence county decided to work the public roads of said county by contract under provisions of sections 4441-4443 of the Code of 1906, and in November of said year entered into a contract with appellant to work said roads for a term of four years, for a price stipulated in the contract. The commutation tax was fixed at five dollars a year *per capita,* under the provisions of section 4442, and said tax might be commuted by ten day's labor on the roads. A list of road hands assigned under the provisions of this law each year was turned over to appellant, as contractor, and he was charged with the commutation tax due by each, and directed to collect same, or to require 10 days' labor on the roads in lieu thereof. At the expiration of the contract in 1911, upon making final settlement with the board, appellant claimed credit for a large amount of commutation taxes charged against him each year, and uncollected by him, and not commuted by the hands against whom charged. The board declined to give him credit for this amount and deducted same from his final settlement. He thereafter filed suit in the chancery court, praying a judgment for the

amount alleged to be due him. The board of supervisors answered, denying liability, and the case was tried on bill and answer, and testimony taken in open court, and resulted in a decree dismissing the bill, from which this appeal is prosecuted.

*Jno. H. Aarrington* and *G. Wood Magee,* for appellant.

We say that all the proof shows Thomason did what he could to collect the tax and warn the hands; that the board acted arbitrarily and unfair in taking from his pay warrants these amounts of money; that the adjudication was wholly *ex parte* and that Thomason was and is in no way bound by the orders. The county by its board puts itself in the position of a man who owed a debt, but said to his creditor, "I won't pay you, because the man who owes me won't pay me. If you will go out and collect what is due me from those who owe me, I will let you keep that as pay." This is the defense the county is making in this case. Such a defense is preposterous, and such a defense as we have never heard put up seriously before in a case.

There can be no question about the complainant's right to a decree in this case, for the amount prayed for. It would be an injustice done the good name of the county to permit the county to get Thomason's work and money for nothing and to allow the county to arbitrarily take his money in the way it did, and we submit that the decree of the court below should be reversed on direct appeal and a judgment should be entered here for the amount asked for by appellant, to-wit: two thousand, four hundred and forty eight dollars and ninty-two cents and interest.

We find no authority of law permitting the appellee county to require appellant to become collector of the commutation road tax of the county, and the terms of the contract sued on in this case confers upon appellee

county no authority to compel appellant to collect this tax. In fact, the board of supervisors of a county are powerless to designate any one as tax collector other than the person designated by law, and this person is the sheriff of the county. Section 4694, Code 1906, declares, "The sherriff of the county shall be tax collector therein," and the law of the state gives no other person the right to become tax collector nor can this duty be imposed upon any other person, even by order of the board of supervisors.

Then if appellee could not compel appellant to collect this tax by any law in force at the time, he could not be compelled to collect it by the terms of the contract sued on herein even tho the contract had embodied in it a provision to this effect, because appellee and appellant could not contract so as to abrogate or nullify the plain provisions of section 4694, Code 1906.

Another question might arise if the appellant had actually collected the money but he did not collect and for this reason he cannot be held liable for the tax and the board of supervisors had no authority to charge it and deduct it from his pay warrant for work performed and approved.

Now, as stated before, there is only one question for decision in this case, and that is, did appellee have a right to penalize, as it were the appellant for failing to do something which appellee thought he should have done. There is no question here about the appellant's failure to work and maintain the roads included in his contract according to plans and specifications. This question is eliminated absolutely because the members of the board acting as road commissioners for their respective districts reported all work, the pay for which is not in controversy in this case, up to plans and specifications. Nor is there any question here as to the time this work was done, nor as to the amount to be paid for same under the contract. In other words, every question is eliminated from this case except the

right of the appellee to deduct from appellant's compensation for working the roads, under the contract, an amount of money which the appellee thought he should have collected from all delinquent road hands of the county.

And we submit with all confidence that the appellee had no warrant of law to withhold from appellant any of his compensation for working the roads, under the contract, an amount of money which the appellee thought he should have collected from all delinquent road hands of the county.

And we submit with all confidence that the appelllee had no warrant of law to withold from appellant any of his compensation for working the roads of the county merely because appellant, in appellee's opinion, should have collected certain commutation road taxes.

*Luther E. Grice* and *H. J. Wilson,* for appellee.

This is a suit by a county road contractor for the balance due him under his contract for constructing and maintaining the public roads. The burden was on the the complainant to show clearly that he had performed all of the conditions of the contract. This he failed to do, and the record does not show that he constructed and maintained the roads according to the plans and specifications under his contract.

Having failed in this respect he must go out of court and pay the costs. For this reason alone the chancellor was eminently correct in dismissing the case and taxing him with the costs.

With reference to the commutation tax, we beg to call the court's attention to section 4442 of the Code of 1906. This contract was let under this express provision of law. This contractor accepted the contract and was charged with a knowledge of the law and its duties thereunder. In the event the tax collector did not collect it, it was the duty of the road contractor to re-

quire those subject to road duty to work or pay the commutation tax. It appears that the contractor recognized his duty in this respect and accepted as part of his duty the collection of the commutation tax. He accepted the list and collected from large numbers of persons. It seems that he made no objection to the board with reference to the collection of tax. But accepted this duty without complaint.

The law above referred to provides: "That such work and commutation shall be estimated as part or the whole of the contractor's remuneration according to the contract."

Each person subject to road duty was by order of the board required to pay six dollars commutation tax. The contractor in this case collected six dollars in a large number of cases, but reported the collection of only five dollars and was charged by the board with only five dollars. It was the duty of the board to charge him with the full amount collected. They could not excuse, remit or grant to him, any part of this tax, but it was their duty to charge him with the whole of it. It is undisputed that at the time of bringing this suit he had collected in this respect more than one thousand two hundred dollars, that he had not turned in, and had not been charged with. Not only this, but at the time he brought this suit it appears that he had collected and had in his possession, which he admits he was due the county, the sum of eight hundred and thirty dollars.

We maintain that the court should have required the complainant to account for all of the money collected by him as commutaton tax.

Furthermore the allegations of the cross-bill are not denied, and under the pleadings as disclosed by the record, it is clear that the court should have given a decree in favor of cross-complainant.

It occurs to us that the only errors made by the court were those made against the defendant and in favor of complainant. The proof offered by the com-

plainant is insufficient to support a decree in his behalf. This court is bound by the case as disclosed by the record, here. Upon this record it is not clear that the court erred against complainant.

It is a rule of law too well settled in this court to require' comment here that where the record does not clearly show error, then this court will not interfere with the decree or judgment appealed from. We submit that on the whole, the finding of the chancellor was as favorable for complainant as he could have possibly hoped for, and since the defendant did not file a cross appeal the decree should be affirmed.

HOLDEN, J., delivered the opinion of the court.

We think the chancellor below erred in his construction of section 4442, Code of 1906, with reference to the work required of road hands and the commutation tax mentioned therein.

We interpret the section to mean that, where a contract is let for the working and keeping up of the public roads, the road hands, properly designated and assigned by the board of supervisors, shall work under the contractor or pay the commutation money to him the same as if he were the duly appointed overseer of the county; and when the board of supervisors lets the contract and designates and assigns the road hands, as required by the section, and furnishes to the said contractor a correct and proper list of such road hands, which is accepted by the contractor, the work or the commutation tax due by such hands "shall be estimated as a part of the whole of the contractor's remuneration according to the contract;" and the contractor is chargeable with the work or commutation tax due by each road hand on the list, provided the board of supervisors has not by its own acts or conduct prevented the contractor from obtaining the work or collecting the commutation tax due from the hands; and provided, further, that the con-

tractor could secure the work or collect the tax by reasonable effort and due diligence on his part under the statute. But where the contractor has performed his duty diligently and in good faith in the collection of the road duty or commutation tax, and has failed to make all of the collections on the list, then the contractor would be entitled to a credit for all of the work or cummutation tax that he failed to collect for any cause over which he had no control. The fact that the contractor accepts the list of hands and undertakes to collect the tax according to the list does not bind the contractor for the full amount charged to him on the list, unless he collects the same, or unless it appear that his failure to do so was his own fault or negligence.

The decree of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*